LAWRENCE G. TOWNSEND (SBN 88184)
LAW OFFICES OF LAWRENCE G. TOWNSEND
One Concord Center
2300 Clayton Road, Suite 1400
Concord, California 94520
Telephone:  415.882.3290
Facsimile:   415.882.3232
Email: ltownsend@owe.com

Attorney for Plaintiff
DAVID GORDON OPPENHEIMER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID GORDON OPPENHEIMER, an individual,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>LAPOLT LAW, PC, a California Corporation,<br><br>　　　　　　Defendant. | Case No.<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

　　　　Plaintiff, David Gordon Oppenheimer ("Oppenheimer" or "Plaintiff"), for his complaint against Defendant LaPolt Law, PC ("Defendant"), alleges:

## THE PARTIES

　　　　1.　　Plaintiff is a citizen of North Carolina engaged in the business of professional photography and resides and maintains a principal place of business in Asheville, North Carolina.

　　　　2.　　Plaintiff is informed and believes, and thereon alleges, that Defendant LaPolt Law, PC is a California corporation organized under the laws of the State of California, and having its principal business address in this judicial district.

///

///

## JURISDICTION AND VENUE

3. Plaintiff's claim for copyright infringement confers original jurisdiction under the copyright laws of the United States, 17 U.S.C. § 101 et seq.

4. Defendant has its principal offices within the Central District of California. Subject matter and personal jurisdiction are vested in this Court pursuant to 28 U.S.C. § 1338.

5. Additionally, this Court has subject matter jurisdiction under 28 U.S.C. § 1331 inasmuch as this claim arises under the copyright laws of the United States. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1400(a) and 28 U.S.C. §§ 1391(b) and (c). Defendant is subject to the personal and general jurisdiction of this Court in this judicial district because the contacts of Defendant with this judicial district are substantial, continuous, and systematic, and the infringing acts occurred in and were directed at this judicial district.

## INTRODUCTORY FACTS

6. Oppenheimer is a professional photographer, and is the author of a photograph of Jeff Gitelman of the musical group, The Stepkids (the "Work"), attached hereto as **Exhibit 1**. At all times relevant to this claim, Oppenheimer has been and continues to be the sole owner and proprietor of all right, title and interest in and to the copyrights of the Work.

7. Oppenheimer makes his photographs, including the Work, available for print sales and licensing at his website https://performanceimpressions.com and elsewhere.

8. Plaintiff has complied in all respects with the provisions of Title 17 U.S.C. § 102, *et seq.,* and has duly registered the Work with the U.S. Copyright Office. A copy of the Work is on deposit with the United States Copyright Office. Attached hereto as **Exhibit 2** is a true and correct copy of the certificate of registration for a collection of photographs which includes the Work, bearing U.S. Copyright Registration No. VAu 1-142-190, effective August 31, 2013. The work

is on deposit with the U.S. Copyright Office with the contents title "AGF_2013_1_OPP2298.jpg.

9. At all relevant times hereto, Plaintiff has been and continues to be the sole owner of all rights, titles, and interests in and to the aforementioned registration and photographic Work. Plaintiff's copyrights in the above-described Work are presently valid and subsisting, were valid and subsisting from the moment of the Work's creation, and all conditions precedent to the filing of this suit have occurred.

10. As is his pattern and practice, Oppenheimer had clearly marked copies of the Work with his CMI on the face of the Work, embedded within the metadata, and/or in legible captions adjacent to the Work where published or displayed. Oppenheimer's facial CMI consists of visible and legible watermarks and is displayed on the face of the works on each copy that he publishes; CMI in the metadata includes notices of copyright, a declaration stating "All Rights Reserved," and usage licensing instructions, in addition to Oppenheimer's address, phone number, email, and his photography company's website URL, and CMI in adjacent captions where published contain additional notices of copyright. Plaintiff does this to distinguish his works from the works of others in his field, to provide a way for potential licensees to contact him for purchasing licenses, as well as to ensure that anyone who merely views his Work appreciates that he owns all rights and title to it.

11. Plaintiff is informed and believes, and thereon alleges, that at all times relevant hereto, the named Defendant, and any additional parties that participated in the infringement and/or may later be named as defendants in this action (collectively, the "Defendants"), were acting as agents, affiliates, officers, directors, managers, principals, partners, joint venturers, alter egos, and/or employees of one another, and were at all times acting within the scope of such relationships. Plaintiff further alleges that the Defendant actively participated in and/or supervised and/or profited from, or subsequently ratified and adopted, or all

of the foregoing, each of the acts and conduct alleged herein, with full knowledge of all relevant facts and circumstances, including, but not limited to, knowledge of the violations of Plaintiff's rights and the damages proximately caused thereby. Within three (3) years of filing suit, Plaintiff discovered that Defendant, or someone at its direction, infringed his copyrights by copying, uploading, displaying, distributing, and/or publishing (or directing others to do so) the Work to draw traffic to Defendant's business and promote its legal services.

12. The Work was displayed by Defendant on (at least) the following URLs on Defendant's social media accounts:

https://www.facebook.com/photo/?fbid=822412309894474

https://www.instagram.com/p/Cze6LYwv7GD/

https://www.linkedin.com/posts/dani-b-darling_congrats-to-our-2024-grammy-nominated-clients-activity-7131364804224552960-5o2N/

13. Through subsequent communications a resolution could not be reached, and so this suit was filed. Attached hereto as **Exhibit 3** are screenshots showing in part the infringing displays by Defendant of the Work.

## CAUSES OF ACTION

### COUNT I – NON-WILLFUL COPYRIGHT INFRINGEMENT

14. Plaintiff re-alleges and incorporates paragraphs 1 – 14 above as if recited *verbatim*.

15. Defendant has non-willfully infringed Plaintiff's copyrights in and to the Work by scanning, copying, reproducing, distributing, publishing and/or otherwise using, unauthorized copies within the United States, in violation of Title 17.

16. Upon information and belief, Defendant has benefitted from infringement of the Work, while Plaintiff has suffered and will continue to suffer monetary damages, irreparable injury to his business, reputation, and goodwill, and

dilution in the marketplace; therefore, Plaintiff is entitled to injunctive relief, damages, and other relief authorized under the Copyright Act.

**COUNT II – RECKLESS/WILLFUL COPYRIGHT INFRINGEMENT**

17. Plaintiff re-alleges and incorporates paragraphs 1 – 17 above as if recited *verbatim*.

18. Defendant has recklessly/willfully infringed Plaintiff's copyrights in and to the Work by scanning, copying, reproducing, distributing, publishing, displaying and/or otherwise using, unauthorized copies of said Work in violation of Title 17.

19. As a result of Defendant's above-described acts of copyright infringement, Plaintiff has sustained actual damages or, alternatively, is entitled to statutory damages and attorneys' fees in an amount not yet ascertained.

**COUNT III – VIOLATIONS OF**
**DIGITAL MILLENNIUM COPYRIGHT ACT**

20. Plaintiff re-alleges and incorporates paragraphs 1–19 above as if recited *verbatim*.

21. As is his pattern and practice, Oppenheimer had clearly marked the Work with CMI on the face of the Work, in legible captions adjacent to the Work where published, and embedded as metadata within the Work as alleged above. Oppenheimer does this to distinguish and identify his works from the works of others in his field, to provide a way for potential licensees to contact him for purchasing licenses, as well as to ensure that anyone who merely views his Work appreciates that he owns all rights and title to it, from legible facial watermarks, notices of copyright in captions adjacent to the Work where published, and from the metadata within the Work.

22. In accomplishing the infringements identified above, and upon information and belief, the Defendant, or a third party at its behest, intentionally removed CMI from the Work, altered CMI, and/or altered it to include false CMI.

Defendant also omitted additional CMI from the caption of the unauthorized copies of the Work that they copied, distributed, displayed, and/or published.

23. Upon information and belief, the Defendant, or a third party at its behest, distributed copies and/or derivatives of the Work knowing that CMI had been added, removed, and/or altered, all without authorization.

24. At the time that CMI was added, removed and/or altered from the Plaintiff's Work, and at the time the Work was published, displayed, or distributed having had CMI added, removed and/or altered, Defendant knew or had reasonable grounds to know that such behavior would induce, enable, facilitate, and/or conceal infringements of Plaintiff's copyright.

25. Plaintiff is entitled to and seeks recovery of statutory damages from Defendant not less than $2,500, and not exceeding $25,000 under 17 U.S.C. § 1203(c)(3)(B) for each act committed in violation of his rights under 17 U.S.C. §§ 1202(b)(1) and 1202(b)(3).

26. Pursuant to 17 U.S.C. § 1203(b)(5), Plaintiff is entitled to recover, and therefore seeks the recovery of reasonable attorney's fees and costs under the lodestar method.

## RELIEF REQUESTED

a. Plaintiff demands an accounting of Defendant's activities in connection with its infringing uses of his copyright in and to the above-described and attached Work, as well as disgorgement of profits attributable to the infringing activities, and all other benefits realized by Defendant through its infringing activities.

b. Plaintiff is entitled to recover and therefore seeks recovery of actual damages, plus all of Defendant's profits attributable to the infringement.

c. Alternatively, and at Plaintiff's election, because the Work was registered prior to Defendant's infringement, Plaintiff is entitled to and seeks recovery of statutory damages up to but not exceeding $150,000 (One Hundred Fifty Thousand Dollars)*,* plus costs and attorney's fees, pursuant to 17 U.S.C. § 504(c)

and § 505.

d. That Defendant, its agents, employees and/or servants be enjoined *pendente lite* and permanently from infringing Plaintiff's copyrights in any manner whatsoever, and from publishing the Work through any visual media, and from displaying, publishing or distributing the Work, and from using it to market or advertise Defendant's legal services;

e. That Defendant be required to deliver up, under oath, for impounding during the pendency of this action, and for destruction thereafter, all copies of the Work that infringe Plaintiff's copyright, and all prints, film negatives, magnetic tapes, digitally scanned and/or stored images, and all other articles by means of which such infringing copies may be reproduced, which are in the possession or under the direct or indirect control of Defendant;

f. That Defendant provide an accounting of all gains, profits and advantages it derived as a result of the willful and unlawful acts of copyright infringement described above;

g. That Defendant be ordered to pay over to Plaintiff his actual damages sustained, in addition to all of Defendant's profits attributable to the infringement, and which are not considered in computing Plaintiff's actual damages incurred as a result of Defendant's copyright infringement described herein, pursuant to 17 U.S.C. § 504(b);

h. In the alternative, and at Plaintiff's election after verdict, that Defendant be ordered to pay maximum statutory damages in the amount of $150,000 pursuant to 17 U.S.C. § 504(c), or such other amount as the jury may deem appropriate;

i. That Defendant be ordered to pay to Plaintiff all of his costs of suit and reasonable attorney's fees pursuant to 17 U.S.C. § 505; and

///

///

///

j.  That Plaintiff recover judgment for such other and further relief as this court deems just and proper, including maximum pre and post judgment interest on all sums due.

Dated: September 16, 2025     LAW OFFICES OF LAWRENCE G. TOWNSEND

*s/Lawrence G. Townsend*
Lawrence G. Townsend
Attorney for Plaintiff
DAVID GORDON OPPENHEIMER

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial for all claims as provided for in Rule 38 of the Federal Rules of Civil Procedure.

Dated: September 16, 2025     LAW OFFICES OF LAWRENCE G. TOWNSEND

*s/Lawrence G. Townsend*
Lawrence G. Townsend
Attorney for Plaintiff
DAVID GORDON OPPENHEIMER